UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAWRENCE W. EDWARDS,

                Plaintiff,                Case No.  04-72930

v.                                    District Judge Paul D. Borman
                                    Magistrate Judge R. Steven Whalen

MISS PORTER,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Porter's Motion to Dismiss [Docket #4], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Defendant's Motion be GRANTED, and the case DISMISSED WITH PREJUDICE.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Edwards originally filed his *pro se* Complaint as a small claims action in 36th District Court (Detroit).  On August 3, 2004, Defendant filed a Notice of Removal to this Court, pursuant to 28 U.S.C. §§1441, 1442 and 1446.  The factual basis of the Complaint appears to center on a May 1, 2004 incident at a Social Security Office where Defendant Porter was apparently employed.  There was a discussion between Plaintiff and Defendant

regarding a stolen or missing check or checks, and a $6000 overpayment. It is unclear what relief the Plaintiff seeks, although in the section of the form complaint labeled "amount of money claimed," he wrote "544" and "3 mth. checks."

On March 24, 2005, the Court sent a Notice to Plaintiff directing him to file a response to the Motion to Dismiss on or before April 18, 2005. To date, Plaintiff has not filed a response.

Defendant moves to dismiss on the basis of Fed.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6).

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

## III.   ANALYSIS

The Plaintiff's position regarding the jurisdictional basis of his lawsuit is unclear and confusing. Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for

*pro se* litigants.  *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.  1989).  A court "should not have to guess at the nature of the claim asserted."  *Id.*

Based on this Complaint, I have no idea what the Plaintiff is claiming the named Defendant did, or what he is asking this Court to do.

In a Rule 12(b)(1) motion, it is the Plaintiff's burden to prove subject matter jurisdiction.  *Moir, supra.*  Plaintiff was ordered to file a response to this Motion to Dismiss by April 18, 2005.  He has not done so, nor has he provided the Court with any information which would support a finding of subject matter jurisdiction.  Therefore, this Complaint should be dismissed under Rules 12(b)(1) and 8(a)(2).

To the extent that the Plaintiff alleges that he is either owed money for some missing Social Security checks[1] or that he was erroneously assessed an overpayment, this Court also lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies.

Matters arising under Titles II and XVI of the Social Security Act are subject to judicial review under the terms of 42 U.S.C. §405(g), which provides that:

> "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the

---

[1] It is unclear whether Plaintiff is receiving retirement or disability benefits.

Act.  42 U.S.C. §405(h);  *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d

622 (1984).  An indispensable requirement for judicial review under §405(g) is that there

must have been a "final decision of the Commissioner..made after a hearing."  In *Bowen v.*

*City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme

Court stated that the "final decision" requirement has two elements: (1) exhaustion of

administrative remedies prescribed by the Secretary and (2) the claim "shall have been

presented to the secretary."  *See also, Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893,

47 L.Ed.2d 18 (1976).

The four-step administrative procedure for hearing disputed Social Security Disability

claims is set forth at 20 C.F.R. §§ 404.900(a)(1)-(4), and includes (1) an initial determination,

(2) reconsideration of the initial determination, (3) hearing before an Administrative Law

Judge, and (4) review by the Appeals Council.  *See Pohlmeyer v. Secretary of HHS*, 939 F.2d

318, 320 (6th Cir. 1991).   In addition, 20 C.F.R. 404.900(a)(5) states that a "final decision"

occurs "[w]hen you have completed the steps of the administrative review process," and that

"[i]f you are dissatisfied with our final decision, you may request judicial review."

Whatever action of Ms. Porter or the Social Security Administration claimed to be

erroneous, it is clear that Plaintiff has not undertaken any administrative review whatsoever.

Neither the exhaustion requirement nor the presentment requirement of §405(g) has been

met.  Nor has the Secretary waived the exhaustion requirement.  *See Matthews v. Eldridge*,

424 U.S. at 330-32.  This Court lacks subject matter jurisdiction and therefore, under

Fed.R.Civ.P. 12(b)(1), the complaint should be dismissed.  *Pohlmeyer v. Secretary*, 939 F.2d

-4-

at 321.

Given the clear basis for dismissal under Rule 12(b)(1), it is not necessary to address Defendant's alternative arguments regarding sovereign immunity and insufficient service of process.

## IV.   CONCLUSION

I therefore recommend that Defendant's Motion to Dismiss be GRANTED pursuant to Fed.R.Civ.P. 12(b)(1), and that the case be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen                                    
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 15, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys
and/or parties of record by electronic means or U.S. Mail on July 15, 2005.

s/G. Wilson                                    
Judicial Assistant

-6-